UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| DREW H. WRIGLEY, in his official capacity as Attorney General of North Dakota,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>U.S. ENVIRONMENTAL PROTECTION AGENCY,<br><br>　　　　　　Defendant. | Case No. 1:24-cv-00129<br><br>**ANSWER** |

The United States of America, by Mac Schneider, United States Attorney for the District of North Dakota, Sarah E. Wall, and Melissa Helen Burkland, Assistant United States Attorneys ("United States"), on behalf of defendant United States Environmental Protection Agency ("EPA"), for its Answer to Plaintiff's Complaint, alleges and states:

Unless admitted, qualified, or otherwise answered herein, the United States denies each and every allegation in the Complaint.

**RESPONSES TO COMPLAINT ALLEGATIONS**

The paragraph numbers, headings, and subheadings in this Answer correspond to the paragraph numbers, headings, and subheadings in Plaintiff's Complaint. The United States does not specifically respond to the section headings included in the Complaint, but to the extent those headings expressly or implicitly include substantive legal or factual allegations, the United States denies those allegations.

1.　　The allegations in paragraph 1 set forth vague characterizations of undefined government activity, to which no response is required. To the extent a response is required, the United States lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 1.

2. The allegations in paragraph 2 set forth vague characterizations of undefined government activity, to which no response is required. To the extent a response is required, the United States lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 2. The United States avers the cited legal authority speaks for itself and serves as the best evidence of its contents, and denies any allegations in paragraph 2 inconsistent therewith.

3. Paragraph 3 contains conclusions of law and argument to which no response is required. To the extent a response is required, the United States denies the same. The United States avers the cited legal authority speaks for itself and serves as the best evidence of its contents, and denies any allegations in paragraph 3 inconsistent therewith.

4. Paragraph 4 contains Plaintiff's characterizations of the EPA's response to a Supreme Court decision as well as an interview that Administrator Regan had with PBS News on June 30, 2022, to which no response is required. To the extent a response is required, the United States denies the same. To the extent the first sentence of this paragraph alleges that EPA responded inappropriately to the decision of the Supreme Court in the cited case, that allegation is also denied. The United States avers the referenced interview speaks for itself and serves as the best evidence of its contents, and denies any allegations in paragraph 4 inconsistent therewith.[1]

5. Paragraph 5 contains Plaintiff's characterizations of an EPA news release from April 25, 2024, to which no response is required. To the extent a response is required, the United States avers the referenced news release speaks for itself and is the best evidence of its contents, and denies any allegations in paragraph 5 inconsistent therewith.[2]

---

[1] https://www.pbs.org/newshour/show/epa-administrator-michael-regan-discusses-supreme-court-ruling-on-climate-change (last visited 07/10/2024).
[2] https://www.epa.gov/newsreleases/biden-harris-administration-finalizes-suite-standards-reduce-pollution-fossil-fuel (last visited 07/20/2024).

6. As to the first sentence of paragraph 6, the United States lacks knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations. The second sentence of paragraph 6 contains conclusions of law and argument to which no response is required. To the extent a response is required, the United States avers the cited case speaks for itself and is the best evidence of its contents, and denies any allegations in paragraph 6 inconsistent therewith. The remainder of this paragraph contains Plaintiff's reasons for filing the FOIA request, to which no response is required. To the extent a response is required, the United States lacks knowledge or information sufficient to form a belief about the truth of these allegations.

7. Paragraph 7 contains conclusions of law and argument to which no response is required. To the extent a response is required, the United States denies the allegations to the extent that they mischaracterize the cited authorities.

8. The first sentence of paragraph 8 contains conclusions of law and argument to which no response is required. To the extent a response is required, the United States admits that Plaintiff filed his FOIA request approximately three months prior to filing of the Complaint, that the agency has not yet issued a final response, but denies the remaining allegations in the first sentence. The United States admits the second sentence of this paragraph and avers that Plaintiff and EPA were engaged in ongoing discussions involving search strategies to process Plaintiff's four-part FOIA request in a manner acceptable to Plaintiff at the time Plaintiff filed his Complaint. The third sentence of this paragraph contains Plaintiff's characterization of communications between Plaintiff and the EPA. The United States avers the cited communications speak for themselves and serve as the best evidence of their contents, and denies any allegations in paragraph 8 inconsistent therewith.

9. Paragraph 9 contains Plaintiff's characterization of communications between Plaintiff and the EPA. The United States avers the cited communications speak for themselves and serve as the best evidence of their contents, and denies any allegations in paragraph 9 inconsistent therewith.

10. Paragraph 10 contains conclusions of law and argument to which no response is required. To the extent a response is required, the United States avers the cited cases speak for themselves and are the best evidence of their contents, and denies any allegations in paragraph 10 to the extent they are inconsistent therewith.

11. Paragraph 11 contains conclusions of law, legal argument, and Plaintiff's characterization of why he filed this complaint, to which no response is required. To the extent a response is required, the United States avers the cited cases speak for themselves and are the best evidence of their contents, and denies any allegations in paragraph 11 to the extent they are inconsistent therewith. The United States also denies any allegations in paragraph 11 to the extent it mischaracterizes EPA's actions in response to Plaintiff's FOIA request. The United States lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 11.

## JURISDICTION AND VENUE

12. The United States admits that this Court has jurisdiction subject to the terms and limitations of FOIA.

13. The United States admits that venue is proper in this district.

## PARTIES

14. As to the first sentence of paragraph 14, the United States admits EPA received a FOIA request from the State of North Dakota, Office of Attorney General. The second sentence

contains conclusions of law to which no response is required. To the extent that a response is required, the United States lacks knowledge or information sufficient to form a belief about the truth of this allegation in paragraph 14.

15. The United States admits the first sentence of paragraph 15. The second sentence contains conclusions of law to which no response is required. To the extent that a response is required, the United States lacks knowledge or information sufficient to form a belief about the truth of this allegation.

## STATUTORY FRAMEWORK

16. Paragraph 16 contains conclusions of law and argument to which no response is required. To the extent a response is required, the United States avers the cited cases speak for themselves and are the best evidence of their contents, and denies any allegations in paragraph 16 to the extent they are inconsistent therewith.

17. Paragraph 17 contains conclusions of law and argument to which no response is required. To the extent a response is required, the United States avers the cited authority speaks for itself and is the best evidence of its contents, and denies any allegations in paragraph 17 to the extent they are inconsistent therewith.

18. Paragraph 18 contains conclusions of law and argument to which no response is required. To the extent a response is required, the United States avers the cited cases speak for themselves and are the best evidence of their contents, and denies any allegations in paragraph 18 to the extent they are inconsistent therewith.

19. Paragraph 19 contains conclusions of law and argument to which no response is required. To the extent a response is required, the United States avers the cited authority speaks

for itself and is the best evidence of its contents, and denies any allegations in paragraph 19 to the extent they are inconsistent therewith.

20. Paragraph 20 contains conclusions of law and argument to which no response is required. To the extent a response is required, the United States avers the cited cases speak for themselves and are the best evidence of their contents, and denies any allegations in paragraph 20 to the extent they are inconsistent therewith.

21. Paragraph 21 contains conclusions of law and argument to which no response is required. To the extent a response is required, the United States avers the cited authority speaks for itself and is the best evidence of its contents, and denies any allegations in paragraph 21 to the extent they are inconsistent therewith.

22. Paragraph 22 contains conclusions of law and argument to which no response is required. To the extent a response is required, the United States avers the cited authority speaks for itself and is the best evidence of its contents, and denies any allegations in paragraph 22 to the extent they are inconsistent therewith.

23. Paragraph 23 contains conclusions of law and argument to which no response is required. To the extent a response is required, the United States avers the cited authority speaks for itself and is the best evidence of its contents, and denies any allegations in paragraph 23 to the extent they are inconsistent therewith.

24. Paragraph 24 contains conclusions of law and argument to which no response is required. To the extent a response is required, the United States avers the cited legal authorities speak for themselves and are the best evidence of their contents, and denies any allegations in paragraph 24 to the extent they are inconsistent therewith.

25. Paragraph 25 contains conclusions of law and argument to which no response is required. To the extent a response is required, the United States avers the cited legal authorities speak for themselves and are the best evidence of their contents, and denies any allegations in paragraph 25 to the extent they are inconsistent therewith.

26. Paragraph 26 contains conclusions of law and argument to which no response is required. To the extent a response is required, the United States avers the cited legal authorities speak for themselves and are the best evidence of their contents, and denies any allegations in paragraph 26 to the extent they are inconsistent therewith. The United States further denies that reviewing records at the rate of 750 per month is lackadaisical.

27. Paragraph 27 contains conclusions of law and argument to which no response is required. To the extent a response is required, the United States avers the cited legal authorities speak for themselves and are the best evidence of their contents, and denies any allegations in paragraph 27 to the extent they are inconsistent therewith.

**FACTUAL ALLEGATIONS**

28. Paragraph 28 contains Plaintiff's characterizations of its FOIA request, to which no response is required. To the extent a response is required, the United States avers the FOIA request speaks for itself and is the best evidence of its contents, and denies any allegations in paragraph 28 inconsistent therewith.

29. Paragraph 29 contains Plaintiff's reasons for filing the FOIA request, to which no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief about the truth of these allegations.

30. Paragraph 30 contains Plaintiff's characterizations of a FOIA request acknowledgment letter that was sent by EPA to Plaintiff on April 5, 2024. To the extent a response

is required, the United States avers the FOIA request acknowledgement letter speaks for itself and is the best evidence of its contents, and denies any allegations in paragraph 30 inconsistent therewith.

31.     Paragraph 31 contains Plaintiff's characterizations of an email sent by EPA to Plaintiff on April 10, 2024. The United States avers this email speaks for itself and is the best evidence of its contents, and denies any allegations in paragraph 31 inconsistent therewith.

32.     Paragraph 32 contains Plaintiff's characterizations of an email sent by Plaintiff to EPA on April 11, 2024. The United States avers this email speaks for itself and is the best evidence of its contents, and denies any allegations in paragraph 32 inconsistent therewith.

33.     The United States admits the allegations in paragraph 33.

34.     Paragraph 34 contains Plaintiff's characterizations of an email sent by EPA to Plaintiff on April 25, 2024. The United States avers this email speaks for itself and is the best evidence of its contents, and denies any allegations in paragraph 34 inconsistent therewith.

35.     Paragraph 35 contains Plaintiff's continued characterization of the email sent by EPA to Plaintiff on April 25, 2024. The United States again avers this email speaks for itself and is the best evidence of its contents, and denies any allegations in paragraph 35 inconsistent therewith.

36.     Paragraph 36 contains Plaintiff's characterizations of an email sent by Plaintiff to the EPA on April 29, 2024. The United States avers this email speaks for itself and is the best evidence of its contents, and denies any allegations in paragraph 36 inconsistent therewith.

37.     Paragraph 37 contains Plaintiff's continued characterization of the email sent by Plaintiff to the EPA on April 29, 2024. The United States again avers this email speaks for itself

and is the best evidence of its contents, and denies any allegations in paragraph 37 inconsistent therewith.

38. Paragraph 38 contains Plaintiff's characterizations of an email sent by EPA to Plaintiff on May 2, 2024. The United States avers this email speaks for itself and is the best evidence of its contents, and denies any allegations in paragraph 38 inconsistent therewith.

39. The United States denies the allegations in paragraph 39. The United States avers that EPA sent a letter titled, "Extension Unusual Circumstances 2024-EPA-03502" to Plaintiff via FOIAXpress on June 5, 2024. Doc. 1-4 at 5. The letter notified Plaintiff that, given the scope of Plaintiff's FOIA request, EPA required an extension of time of more than 10 days to respond to Plaintiff's FOIA request. *Id.*; 5 U.S.C. § 552(a)(6)(B)(ii). Plaintiff's counsel responded to this notice in a June 21, 2024 email. Doc. 1-4 at 3-4; *see infra* ¶¶ 41 and 44.

40. Paragraph 40 contains conclusions of law and argument to which no response is required. To the extent that a response is required, the United States admits that it has not yet completed the response to Plaintiff's FOIA request, but denies the remaining allegations in paragraph 40.

41. Paragraph 41 contains Plaintiff's characterizations of an email sent by EPA to Plaintiff on June 5, 2024. The United States avers this email speaks for itself and is the best evidence of its contents, and denies any allegations in paragraph 41 inconsistent therewith.

42. The United States denies the allegations in paragraph 42.

43. Paragraph 43 contains Plaintiff's continued characterizations of the email sent by EPA to Plaintiff on June 5, 2024. The United States again avers this email speaks for itself and is the best evidence of its contents, and denies any allegations in paragraph 43 inconsistent therewith.

44. Paragraph 44 contains Plaintiff's characterizations of an email sent by Plaintiff to the EPA on June 21, 2024. The United States avers this email speaks for itself and is the best evidence of its contents, and denies any allegations in paragraph 44 inconsistent therewith.

45. Paragraph 45 contains Plaintiff's characterizations of an email sent by EPA to Plaintiff on June 26, 2024. The United States avers this email speaks for itself and is the best evidence of its contents, and denies any allegations in paragraph 45 inconsistent therewith.

46. Paragraph 46 contains Plaintiff's characterizations of an email sent by Plaintiff to the EPA on June 26, 2024. The United States avers this email speaks for itself and is the best evidence of its contents, and denies any allegations in paragraph 46 inconsistent therewith.

47. Paragraph 47 contains Plaintiff's characterizations of an email sent by EPA to Plaintiff on June 27, 2024. The United States avers this email speaks for itself and is the best evidence of its contents, and denies any allegations in paragraph 47 inconsistent therewith.

48. Paragraph 48 contains Plaintiff's continued characterizations of the email sent by EPA to Plaintiff on June 27, 2024. The United States again avers this email speaks for itself and is the best evidence of its contents, and denies any allegations in paragraph 48 inconsistent therewith.

49. Paragraph 49 contains Plaintiff's continued characterizations of the email sent by EPA to Plaintiff on June 27, 2024. The United States again avers this email speaks for itself and is the best evidence of its contents, and denies any allegations in paragraph 49 inconsistent therewith.

50. Paragraph 50 contains Plaintiff's continued characterizations of the email sent by EPA to Plaintiff on June 27, 2024. The United States again avers this email speaks for itself and

is the best evidence of its contents, and denies any allegations in paragraph 50 inconsistent therewith.

51. Paragraph 51 contains Plaintiff's characterizations of an email sent by Plaintiff to the EPA on June 27, 2024. The United States avers this email speaks for itself and is the best evidence of its contents, and denies any allegations in paragraph 51 inconsistent therewith.

52. Paragraph 52 contains Plaintiff's characterizations of a chain of emails triggered by an automatic out-of-office email sent by EPA to Plaintiff on June 27, 2024. The United States avers these emails speak for themselves and are the best evidence of their contents, and denies any allegations in paragraph 52 inconsistent therewith.

53. The United States admits the allegations in paragraph 53, but avers that, unaware yet this suit had been filed, EPA contacted Plaintiff the same day the Complaint was filed regarding further processing of Plaintiff's request.

## CLAIM FOR RELIEF
## COUNT 1
## Failure to Comply with FOIA (5 U.S.C. §552)

54. The United States repeats and incorporates by reference all of its responses to the Complaint as set forth herein.

55. The United States denies the Plaintiff's legal conclusions and characterizations to the extent they are inconsistent with the law.

56. The United States denies the Plaintiff's legal conclusions and characterizations to the extent they are inconsistent with the law.

57. The United States denies the Plaintiff's legal conclusions and characterizations to the extent they are inconsistent with the law.

58. The United States admits that, as of the date of the Complaint, EPA had not produced potentially responsive records to Plaintiff. The United States denies the remaining allegations in paragraph 58.

59. The United States denies the Plaintiff's legal conclusions and characterizations to the extent they are inconsistent with the law.

60. The United States denies the Plaintiff's legal conclusions and characterizations to the extent they are inconsistent with the law.

61. The United States denies the allegations in paragraph 61.

62. The United States denies the Plaintiff's legal conclusions and characterizations to the extent they are inconsistent with the law.

63. The United States denies the allegations in paragraph 63.

## PRAYER FOR RELIEF

The remainder of Plaintiff's complaint consists of Plaintiff's request for relief, to which no response is required. To the extent that a response is deemed required, the United States denies Plaintiff is entitled to any of the requested relief.

## AFFIRMATIVE DEFENSES

1. The complaint fails in whole or in part to state a claim upon which relief can be granted.

2. Plaintiff is not entitled to information protected from disclosure by one or more exemptions to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

3. Plaintiff's request did not reasonably describe the records sought.

4. The Court lacks subject-matter jurisdiction to award relief that exceeds that authorized by FOIA.

Dated:  August 1, 2024

                                    MAC SCHNEIDER
                                    United States Attorney

By:  /s/ Sarah E. Wall
       SARAH E. WALL
       Assistant United States Attorney
       ND Bar ID 07822
       P.O. Box 699
       Bismarck, ND  58502-0699
       (701) 530-2420
       sarah.wall@usdoj.gov

       MELISSA HELEN BURKLAND
       Assistant United States Attorney
       WI Bar ID 1071443
       655 First Avenue North, Suite 250
       Fargo, ND  58102-4932
       (701) 297-7400
       melissa.burkland@usdoj.gov