**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA**

| | | |
|---|---|---|
| Drew H. Wrigley, in his official capacity as Attorney General of North Dakota, | ) ) ) | |
| Plaintiff, | ) ) | **ORDER GRANTING PLAINTIFF'S MOTION FOR A SCHEDULING ORDER ON FOIA REQUEST** |
| vs. | ) ) ) | |
| U.S. Environmental Protection Agency, | ) ) ) | Case No. 1:23-cv-194 |
| Defendant. | ) | |

Before the Court is the Plaintiff's Motion for Preliminary Injunction or, Alternatively, for Scheduling order, filed on July 19, 2024. See Doc. No. 5. The Defendant, the Environmental Protection Agency ("EPA"), filed a response to the motion on August 2, 2024. See Doc. No. 10. On August 6, 2024, the Plaintiffs filed a reply brief. See Doc. No. 12. For the reasons set forth below, the Plaintiff's motion for a scheduling order to address the FOIA request is granted. The Plaintiff's motion for preliminary injunction is moot.

I.   **BACKGROUND**

The Plaintiff submitted a complex four-part FOIA request to the EPA on April 5, 2024. The request sought the following Freedom of Information Act records:

(1) "Documents and/or communications discussing or relating to EPA's CAA toolbox or CAA tool kit between June 30, 2022 and April 3, 2023."

(2) "Documents and/or communications to, from, and copying Joseph Goffman that relate to power sector greenhouse gas reductions between June 30, 2022 and April 3, 2023."

(3) "Documents and/or communications including the following search terms between June 30, 2022 and April 3, 2023: • (power sector) & ((suite) /5 ((rules) or (regulations) or (opportunities) or (policies))) • (MATS) or (mercury) or (Air Toxics)) & ((climate change) or (climate crisis) or (greenhouse gas) or (CO2) or (carbon)) • ((Regional Haze)

1

      or (Particulate Matter) or (PM2.5) or (coal ash) or (CCR) or (NAAQS)) & ((climate change) or (climate crisis) or (greenhouse gas) or (CO2) or (carbon)) • ((coal) or (lignite) & ((retire) or (shut down) or (close))"

    (4) "Documents and/or communications discussing EPA's power sector climate strategy between June 30, 2022 and April 3, 2023."

Declaration of Kristina Sandfoss ("Sandfoss Decl.") ¶ 3; Doc. 11. The EPA responded and assigned FOIA request number (2024-EPA-03502), and provided a point of contact at the Office of Air and Radiation ("OAR") to process and provide further assistance. Sandfoss Decl. ¶ 3. The Plaintiff requested a fee waiver (Doc. 1-1 at 3), which was denied, but did not request expedited processing. Id. ¶¶ 4, 6, Ex. A. The EPA denied the fee waiver, in part, because Plaintiff did not "provide[] details about an ability and intention to effectively communicate information to the public." Id. The Plaintiff did not appeal the EPA's fee waiver determination. On April 10-11, 2024, Tiffany Purifoy, Office of Air Quality Planning & Standards in OAR, and the Plaintiff exchanged emails regarding the phrase "CAA toolbox." Id. ¶ 7; Doc. 1-3 at 6. The Plaintiff explained "CAA toolbox" was referenced in an email produced in a different EPA FOIA production and included a screenshot of the email. Id. ¶ 8; Doc. 1-3 at 4-5. On April 25, 2024, Kristina Sandfoss sent the Plaintiff an email explaining she was the new point of contact for the FOIA request. Id. ¶ 9; Doc. 1-3 at 3-4. She explained the search the EPA would conduct, proposed custodians for certain parts of the request, asked for the Plaintiff's input on other custodians (providing a link to a list of OAR employees by office), suggested certain revisions to requester-provided search strings, and sought requester approval to revisions. Id. Sandfoss told the Plaintiff the request was on hold until search strings were confirmed and custodians provided to ensure an effective and efficient search. Id.

Between April 29, 2024, and May 2, 2024, the Plaintiff and Sandfoss exchanged emails regarding revised search strings and custodians. Id. ¶ 10; Doc. 1-3 at 2-3. Sandfoss stated she

2

would begin a search for potentially responsive records for part 1 of the request. Sandfoss informed the Plaintiff a preliminary search, which produces an estimate of actual search results, yielded approximately 3,000 potentially responsive records with the proposed Part 2 search parameters. Id. ¶ 11; Doc.1-3 at 2. She indicated she had restarted the FOIA clock and would file a ten-day extension. Id.

The EPA then conducted an electronic search for potentially responsive records, which returned approximately 16,000 results. On June 5, 2024, the EPA sent the Plaintiff a letter titled, "Extension Unusual Circumstances 2024-EPA-03502" that stated the EPA needed a significant amount of time and resources to appropriately review the voluminous amount of potentially responsive records, that the EPA could review 500 documents per month and provide a monthly rolling production, and that the EPA needed an extension of time of more than ten days to respond. Id. ¶ 12; Doc. 1-4 at 13- 14. Id. The letter informed the Plaintiff a modified or narrowed request may shorten the process. Id.

On Friday, June 21, 2024, attorney Frank Chang, representing the Plaintiff, emailed Sandfoss and stated "in a final effort to avoid litigation, we're open to trying to further narrow the request so that the EPA can process the request within approximately two months." Id. ¶ 13; Doc. 1-4 at 3- 4, 12-13. The Plaintiff proposed reducing the word range for the search strings by half, and asked the EPA to identify how many responsive records there were and to indicate if the EPA could process the records in two months. Id.

Sandfoss worked with the EPA's eDiscovery Division to run new preliminary searches incorporating the Plaintiff's narrowed word range. Id. ¶ 14. Sandfoss responded on June 26, 2024, stating she expected around 8,800 potentially responsive records for parts 2-4, and the EPA would not know the actual volume until the eDiscovery Division conducted an actual search and

collection, which would take ten days. Id. Sandfoss stated the EPA could not process the responsive records in two months, but could prioritize review associated with specific custodians or keywords. Id. Chang responded with more questions. Id. ¶ 15; Doc. 1-4 at 2-3, 11-12.

On June 27, 2024, Sandfoss responded, explaining how the EPA estimated the number of potentially responsive records and the break-down of the searches. Doc. 1-4 at 6-8. She stated, depending on resources, the EPA may be able to review 750 records/month, finishing in twelve months. Id. ¶ 16; Doc. 1-5 at 2, 11. Chang replied requesting additional clarification and suggested changes to the word range. Id. ¶ 17. Chang asked whether, given this revised search, the FOIA request could be completed within two months. Id.

Lynnea Schurkamp (OAR FOIA team) acknowledged Chang's email on June 28, 2004, and stated Sandfoss would submit the narrowed search upon her return from leave. Id. ¶ 18. Unbeknownst to Sandfoss, the Plaintiff filed the Complaint on July 2, 2024 (Doc. 1); Sandfoss responded to Chang's June 27th email the same day. Id. ¶ 19, Ex. B; see also Doc. 5-2. With the narrowed word range, Sandfoss stated a preliminary search yielded approximately 6,600 potentially responsive records; the EPA could process the request in eight months (825 records per month); and asked if she should submit the searches actual potentially responsive records. Id. Chang relayed that the Plaintiff had already filed a lawsuit. Id. ¶ 20, Ex. B.

The EPA has now completed an eDiscovery search to parts 2-4 following the parameters Chang set forth in his June 27th email. Id. ¶ 21. This search returned approximately 9,269 potentially responsive records, a larger volume than the EPA had previously estimated. Id. The EPA is searching for records responsive to Part 1, which may add more records to the review. The EPA has begun reviewing the collection of potentially responsive records for parts 2-4 at a rate of

825 records per month. Id. ¶27. The EPA anticipates making an interim production of reasonably segregable, non-exempt portions of responsive records by August 30, 2024. Id.

The Court has carefully reviewed the entire record, the parties' briefs, and the relevant case law.  For the reasons set forth above, the Plaintiff's alternative motion for a scheduling order as to the FOIA request is **GRANTED**. The Court **FINDS AS MOOT** the Plaintiff's motion for preliminary injunction (Doc. No. 5). The Court **ORDERS** the following:

1) The EPA make an interim production of reasonably segregable, non-exempt portions of responsive records by no later than August 30, 2024;

2) The EPA continue with its expedited review of the records at a rate of at least 825 records per month;

3) The parties shall immediately meet and confer in good faith in an attempt to significantly narrow the search request and reduce the volume of identifiable records to be reviewed; and

4) The parties shall provide the Court with a written status report every two (2) months after meeting and conferring in good faith in an effort to resolve this dispute. Any other disputes concerning scheduling issues can be addressed at the conference before Magistrate Judge Hochhalter on August 22, 2024.

**IT IS SO ORDERED.**

Dated this 14th day of August, 2024.

*/s/ Daniel L. Hovland*
Daniel L. Hovland, District Judge
United States District Court